UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| **Comcast of Massachusetts I, Inc.** ) | Case No.: 03cv12266 WGY |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF LAW IN SUPPORT** |
| ) | **OF PLAINTIFF'S MOTION FOR** |
| vs. ) | **DEFAULT JUDGMENT & ASSESSMENT** |
| ) | **OF DAMAGES** |
| **John Rogers** ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | |

## I.  Liability

The Plaintiff filed a Complaint in this action on November 14, 2003. The Defendant was served at the last and usual place of abode, with copies of the Complaint, Summons and other pertinent documentation on December 5, 2003. Thereafter, the Defendant failed to appear in this action. On January 21, 2004, more than twenty days after service was made upon the Defendant, the Plaintiff made request of the Clerk of Court to enter Default against the Defendant. On January 27, 2004, Default was entered against the Defendant in this action. Plaintiff has now moved for judgment against the Defendant.

The Default already entered in this action against the Defendant is similar to a finding of liability against the Defendant. See, *Almedia v. Secretary of Health Education of Welfare*, 622 F. 2d 1044 (1st Circuit 1980). Accordingly, based upon the Default that has already entered against the Defendant, the Plaintiff has now proven the liability of the Defendant as to the matters set forth in the Plaintiff's pleadings.

The Plaintiff's claim, as pled, already made a strong case against the Defendant based upon the legal presumptions that could be drawn from the Plaintiff's well-pleaded allegations. Specifically, evidence of a purchase/possession of an illegal descrambling device can create a

rebuttal presumption that the device was used to intercept the Plaintiff's signals without authorization. See *Community Television Sys. v. Caruso* 284 F. 3d 430 ($2^d$ Cir.2002). Accordingly, the Plaintiff has proven certain pertinent facts, including but not limited to the facts that:

    a.    The Plaintiff has the legal franchise to sell cable television services in the Defendant's area;

    b.    The Plaintiff distributes it's cable television services to its subscribers utilizing scrambling technology such that a subscriber will receive descrambled (clear view) signals only for those services the subscriber is authorized to receive;

    c.    On or before 12/14/2000 the Defendant or some third party covertly modified a certain Plaintiff issued decoder and thereby created an illegal, unauthorized descrambling device;

    d.    From on or before 12/14/2000 the Defendant utilized an unauthorized descrambling device to receive and/or intercept the Plaintiff's premium cable channels and pay per view events without authorization and without payment to the Plaintiff for same; and

    e.    The Defendant's unauthorized interception of signal was done knowingly and willfully.

Based upon these facts and others set forth in the Plaintiff's Pleadings, the Defendant is now liable to the Plaintiff for violations of Title 47 U.S.C. § 553(a). Specifically, the Defendant's actions violate §553(a)(1), which provides:

> No person shall intercept or receive or assist in intercepting or receiving any communications services offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

## II.   Damages

### Damage Provisions and Remedy Provisions in Title 47 U.S.C. § 553(c)

Title 47 U.S.C. §553(c) provides civil damages and remedies to an aggrieved party from a Defendant who has violated the above referenced §553(a)(1). Various subsections of § 553 (c) provide:

1. The Court may grant a final injunction to prevent further violations of §553 (a)(1) pursuant to 47 U.S.C. § 553 (c)(2)(A);

2. The Court may grant recovery of full costs including awarding reasonable attorney's fees to the aggrieved party who prevails pursuant to 47 U.S.C. 553(c)(2)(C); and

3. The Court may award actual damages or the Court may, at the plaintiff's election, award statutory damages in a sum of not less than $250.00 or more than $10,000.00 as the court considers just, pursuant 47 U.S.C. § 553(c)(A)(ii).

### The Assessment of Statutory Damages

Apparently the first and only occasion where a Federal Appellate Court discussed the Title 47 statutory damage provisions as they relate to noncommercial defendants was in the recent case of *Community Television Sys. v. Caruso* 284 F. 3d 430 (2d Cir. 2002). In the *Community Television,* case the Court of Appeals for the Second Circuit affirmed a $10,000.00

Page   3

statutory damage award against noncommercial defendants for their use of illegal descramblers in the unauthorized interception of Community Television's signals. In the *Community Television* case, the statutory damage award was $10,000.00 for each illegal descrambler utilized by the defendants to intercept signals.

In the *Community Television* case, the Defendants were using black market non-addressable descrambling devices to covertly descramble all of the cable company's signals. These descrambling devices are often referred to as "black boxes". In the case at bar one of the Plaintiff's legitimate converter/descrambler has been covertly modified by the Defendant or his agent to create a non-addressable descrambling device. This descrambling device was then utilized for the unauthorized interception of the Plaintiff's signals. In essence, the case at bar is extremely similar to the *Community Television* case except that this Defendant has used a homemade black box.

The award in the in the *Community Television* case was made pursuant to 47 U.S.C. § 605, a provision of Title 47 that prohibits the unauthorized utilization of interstate radio-originated communications. Section 605 is extremely similar to 47 U.S.C. § 553, the provision of Title 47 that prohibits the unauthorized interception of signals from a coaxial cable. In fact, the Second Circuit has also held that the where there is an unauthorized interception of signals from a coaxial cable, and those signals include interstate radio-originated communications, both §605 and §553 are violated. See *International Cablevision, Inc. v. Sykes* ("Sykes I"), 997 F. 2d 998, 1007 (2d Cir. 1993); *International Cablevision, Inc. v. Sykes* ("Sykes II"), 75 F.3d 123, 131 n.4 (2d Cir. 1996).

The statutory damages provisions for noncommercial Defendants in § 605 and § 553 are nearly identical. The only significant difference being that § 605's minimum statutory damage is $1,000.00 and § 553's minimum is $255.00. Both provisions, essentially bar the unauthorized

Page    4

interception of television signals. Case law pertaining to § 605 is extremely analogous to §553 case law. In both the *Community Television* case and the case at bar, the Defendants used descrambling devices to covertly intercept the Plaintiff's television signals without authorization or payment. Therefore, the *Community Television* case provides compelling, persuasive, Federal Appellate authority to justify a significant statutory damage award against this Defendant.

After the trial in the case of *American Cablevison of Queens v McGinn*, 817 F. Supp. 317 (E.D.N.Y. 1997), the court found that the noncommercial defendant seriptiously used modified converters/descramblers to covertly obtain the plaintiffs cable television signals just like the defendant in the case at bar. The court assessed statutory damages against this extremely similarly situated defendant in the amount of $8,250.00.

In the case of *Cablevision Systems, New York City Corporation v. Lokshin*, 980 F. Supp. 107 (E.D.N.Y. 1997) the defendant was, again, similarly situated to the Defendant in the case at bar. The court in *Lokshin* found that the defendant used a black box to covertly obtain the plaintiff's cable television signals. The court assessed statutory damages against this similarly situated defendant in the amount of $11,500.00. The court awarded the maximum of $10,000.00, in baseline statutory damages but the *Lokshin* Court then went further and increased the award by an additional $1,500.00 for what the court determined to be the Defendant's "private financial gain".

The language of the statutory damage award provision in § 553 does not give the court much guidance on how to assess damages within the $250.00 to $10,000.00 range. The provision simply provides that the statutory damage award be assessed "as the court considers just". By reviewing the case law it appears that the courts have considered a number of factors when assessing statutory damages, including:

1. **The willfulness of the Defendant's violation.** Using an illegal descrambling device to steal signals when law-abiding subscribers must either pay a cable or

satellite provider for their signals is clearly a willful act. Also, intentionally manufacturing a homemade black box by seriptiously modifying one of the Plaintiff's converters/descramblers is clearly willful and malicious. Finally, the willfulness of this Defendant has been determined by the default to that specific allegation;

2. **General and specific Deterrence.** To assess damages against the Defendant in an amount roughly equal to what the Defendant would have paid for the unauthorized signals that were intercepted will not deter this defendant or others from attempting the unauthorized interception of signals in the future. A statutory damage award should contain a "deterrence premium"; damages assessed in an amount in excess of actual damages. Otherwise, unscrupulous individuals will risk attempting to covertly obtain signals, knowing that if they get caught they will simply have pay for what they have taken.

3. **The Defendant's cooperation with Plaintiff.** Occasionally, Defendants will actually cooperate with Plaintiffs when a Title 47 claim is made. For example, a cooperating Defendant might voluntarily divulge the identity of a third party who modified the converter/descrambler for the defendant. In this action, the Defendant's silence is of no assistance to the Plaintiff.

4. **Consideration of actual damages.** When assessing statutory damages in this action the court should consider that for some period of time this Defendant had unlimited access to every pay-per-view special event, every adult channel offering, every pay-per-view movie and every premium channel, twenty-four hours a day, 7 days a week. If the Plaintiff had opted to proceed by seeking actual damages the evidence of actual damages could have been considerable. See

*Century ML-Cable Corp v. Carrillo Diaz* 39 F.Supp.2d 121 (D. Puerto Rico 1999) where the Federal Court accepted $591.65 as a monthly damage amount for unauthorized interception.

Based upon each one of the above referenced factors and the case law, this court should assess a statutory damage award against the Defendant at the high end of the range. The Plaintiff is seeking $7,000.00 in statutory damages, an amount that is clearly justified when all of the above is considered.

### III.   Injunctive Relief

Based upon the Defendant's liability as determined by the default, the Plaintiff is entitled to injunctive relief against the Defendant pursuant to Title 47 U.S.C. § 553 (c)(2)(A) which provides that the Court:

> "may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a)(1) of this section"

The Plaintiff need not prove irreparable harm for the injunction to issue. Where express authority for issuance of statutory injunctions is provided by legislative enactment, an injunction may issue without resort to the traditional "equitable" prerequisites so long as liability has been established under the statute. See *General Instrument Corp. v. Nu-Tek Electronics & Manufacturing, Inc.*, 3F. Supp 2d 602, 607 (E.D.Pa.1998), aff'd 197F.3d 83 (3d Cir.1999). The terms of the requested injunction are reasonably drafted to thwart any future piracy activities by the Defendant.

### IV.   Attorney's Fees

Pursuant to Title 47 U.S.C. 553(c)(2)(C), the Court should direct the recovery of full costs, including awarding reasonable attorneys fees to aggrieved party who prevails. The First

Circuit follows the "lodestar" approach when awarding attorney's fees pursuant to a Federal statutory authorization. See, *Furtado v. Bishop*, 635 F.2d 915, (1st Cir. 1980). Using the "lodestar" approach, the Court would normally multiply the number of hours worked by a reasonable hourly rate. Utilizing the "lodestar" approach, the Court would, in essence, multiply the reasonable number of hours worked by a reasonable hourly rate. Plaintiff's counsel has filed an Affidavit with this court that would justify an attorney's fees award of $200.00.

### V. Post-judgment Interest

The Plaintiff is entitled to post-judgment interest accruing on the Judgment pursuant to 28 U.S.C. §1961. Said statute covers post-judgment interest on civil actions brought to judgment in U.S. District Courts.

### VI. Costs

The Plaintiff is also entitled to costs incurred in this action pursuant to § 553, specifically:

| | | |
|---|---|---|
| a. | Filing Fee: | $150.00 |
| b. | Sheriff's Service Fee: | $ 46.96 |

**TOTAL COSTS:**           $196.96

### VII. Conclusion

Pursuant to all of the above, the Plaintiff is entitled to a default judgment as follows:

1. $7,000.00 in statutory damages pursuant to § 553;

2. attorney's and paralegal's fees of $200.00;

3. costs of $196.96

4. The issuance of a permanent injunction pursuant to Title 47 §553 utilizing the following language or language of a similar nature:

> The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees, and any person or entity controlled directly or

   indirectly by the Defendant or acting on the Defendant's behalf from the

   further modification and/or use of electronic equipment designed for the

   unauthorized interception of signal in violation of provisions of Title 47;

5.  Post-judgment interest running on the judgment pursuant to 26 U.S.C. § 1961.

            Respectfully Submitted for the Plaintiff,
            Comcast of Massachusetts I, Inc.
            By Its Attorney,

_____
Date

            _____
            John M. McLaughlin
            **MCLAUGHLIN SACKS, LLC**
            31 Trumbull Road
            Northampton, MA 01060
            Telephone: (413) 586-0865
            BBO No. 556328

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| **Comcast of Massachusetts I, Inc.** ) | Case No.: 03cv12266 WGY |
| ) | |
| ) | **AFFIDAVIT OF JOHN M.** |
| Plaintiff, ) | **MCLAUGHLIN, ESQ.** |
| ) | |
| vs. ) | |
| ) | |
| **John Rogers** ) | |
| ) | |
| Defendant ) | |

Now comes the affiant, and makes this his sworn statement, under the pains and penalties of perjury, of his own personal knowledge.

**GENERAL FACTUAL ASSERTIONS**

1. I, John M. McLaughlin, represent the Plaintiff in the above-entitled action.

2. I am a member of the Law Firm of MCLAUGHLIN SACKS, LLC.

3. I have used paralegals from the firm to assist me in this case.

**FACTUAL ASSERTIONS AS TO ATTORNEY'S FEES**

4. My usual hourly rate is $200.00 per hour. The usual hourly rate of the paralegals in our firm is $75.00 per hour. These rates are more than reasonable for telecommunication civil litigation specialists.

5. I am a member of the Federal Communications Bar Association and I have been heavily involved in telecommunications litigation since the early 1990's. I have represented ATTB and numerous MediaOne and/or Continental Cablevision corporate entities in hundreds of cases.

6. The time records have been edited to remove confidential communications with the client. The Plaintiff reserves the right to amend its claim for attorney's fees

Page    1

and costs should Plaintiff's Counsel have to attend a Default Hearing in Boston and Plaintiff may also bear certain costs with reference to said hearing. The details of the time records to-date are set forth below. Also, I have already reduced the billable time from the actual time spent on reviewing and sorting my time records to take into account the first circuit case of *Brewster v. Dukakis*, 3 Fed.3d 488, (1st Cir. 1993) which provides that attorney's fees for work on affidavit for fees should be billed at a reduced rate.

**ATTORNEY'S HOURS:**

| | | |
|---|---|---|
| 11/12/03 | Review Draft of Complaint | .30 |
| 1/21/04 | Review Entry for Default | .20 |
| 3/3/04 | Review Motion for Default | .50 |

**SUBTOTAL of hours**                                           1.00
At $200.00 per hour

**TOTAL amount**                                                $200.00

Page   2

7. No attorney's fees have been paid by the Plaintiff in the case at bar because the case is covered by a contingency fee agreement and there has not been and may never be any actual recovery.

## OTHER FACTUAL ASSERTIONS

8. The Default of the Defendant has been entered for failure to appear in this action.

9. The undersigned believes the Court can assess statutory damages in this matter without testimony. Yet, if the court believes testimony is necessary or even helpful, the Plaintiff will fully cooperate and provide fact witnesses and/or expert witnesses if required.

10. On information and belief, the Defendant is not an infant or an incompetent and the Defendant is not in the military service

Subscribed and sworn to, under the pains and penalties of perjury, this ___ day of _____, 2004.

John M. McLaughlin
**MCLAUGHLIN SACKS, LLC**
31 Trumbull Road
Northampton, MA 01060
Telephone: (413) 586-0865
BBO No. 556328

Page   3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | | |
|---|---|---|
| **Comcast of Massachusetts I, Inc.** | ) | Case No.: 03cv12266 WGY |
| | ) | |
| Plaintiff, | ) | **ORDER OF** |
| | ) | **DEFAULT JUDGMENT** |
| vs. | ) | |
| | ) | |
| **John Rogers** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

The Court, having considered the Plaintiff's Motion for Default Judgment and the accompanying documentation filed with said motion, finds that the Plaintiff is entitled to a Default Judgment as follows:

1. $_____ in baseline statutory damages pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii) for the violation of 47 U.S.C. § 553(a);

2. costs $_____ pursuant to 47 U.S.C. 553(c)(2)(C);

3. The issuance of a permanent injunction pursuant to 47 U.S.C. § 553 (c)(2)(A) utilizing the following language or language of a similar nature:

   "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees, and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the further modification and/or use of electronic equipment designed for the unauthorized interception of signal in accordance with Title 47; and,

4. Post-Judgment interest running on the judgment pursuant to 26 U.S.C. § 1961.

5. Attorney's fees of $_____ pursuant to Title 47 U.S.C. 553(c)(2)(C).

Page    1

Page 2

**SO ORDERED.**

Dated: _____

_____
United States District Court Judge